IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN WAYNE MURRAY   *

Plaintiff   *

v.   *   Civil Action No. WDQ-10-2566

JOHN S. WOLFE   *
MEDICAL DEPARTMENT
  *
Defendants
  ***

## MEMORANDUM

Pending are the Defendants' Motions to Dismiss or for Summary Judgment, ECF Nos. 22 and 25, which the Plaintiff has opposed. ECF Nos. 24 and 28. No hearing in this matter is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, the Defendants' motions will be granted.

## Background

Murray alleges that he has been denied medical care for an eraser that he stuck in his ear; it has remained imbedded for more than six years. ECF No. 1. Murray has filed numerous administrative remedy requests asking the Warden to direct that he receive medical attention. *Id.* Warden John S. Wolfe and "Medical Department" are the sole named Defendants.[1] ECF Nos. 1

---

[1] In his supplemental complaint Murray indicates he was either treated by, or raised his concerns regarding the adequacy of his care to, the following medical personnel: Seblu Yohannes, Helain Gear, Getachew Teffera, Godion Atnafu, Mr. Whauler, Anna Hammond, Collin Ottey, Isias Tessema, Damon Fayall, John Moss, Ms. Mercy, and Wondaye Dessema. Murray alleges that each medical provider failed to comply with Division of Corrections directives requiring that if an inmate is evaluated three times for the same complaint, he is to be referred to the next highest credentialed medical provider. ECF No. 6. None of these medical providers has been named as a defendant or served with the complaint. The Clerk shall amend the docket to reflect these individuals as named Defendants, and a service order will issue.

& 6. Murray also alleges that he has been denied adequate medical care for an infection on his chin which has not healed properly. *Id.*

Wolfe alleges, among other things, that he is not responsible for Plaintiff's medical care and relied on the expertise of the medical staff. ECF No. 25. Correctional Medical Services, Inc., ("CMS") contends that it is not liable as the principle of respondeat superior does not apply to civil rights cases filed pursuant to 42 U.S. C. §1983. CMS further maintains that Plaintiff received constitutionally adequate medical care. ECF No. 22.

**Standard of Review**

Fed. R. Civ. P. 56(a) provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility."

2

*Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

A supervisor's §1983 liability requires a showing that: (1) the supervisory defendant failed promptly to provide an inmate with needed medical care, (2) deliberately interfered with the prison doctors' performance, or (3) tacitly authorized or was indifferent to the prison physicians' constitutional violations. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990) *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). In his complaint, Murray makes no allegations against Defendant Wolfe; rather, it appears that he seeks to hold Wolfe responsible for his lack of medical care solely because Wolfe is the Warden of the institution and reviewed his ARPs. Murray seeks to hold Wolfe responsible because the alleged violation happened while Murray was under his authority. As this is the essence of the doctrine of respondeat superior, Wolfe is entitled to summary judgment.

Similarly, Murray's allegation against Medical Department/Correctional Medical Services, Inc. (CMS), the private prison health care provider, is based solely upon respondeat superior. The doctrine of respondeat superior does not apply in § 1983 claims, even when the defendant is a private corporation, rather than a municipality or other public agency. *See Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992), citing *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William*

*Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). Accordingly, Plaintiff's claim against Medical Department/ Correctional Medical Services must be dismissed.

8/3/11
Date

William D. Quarles, Jr.
United States District Judge